

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-73,419-03 AND WR-73,419-04

### EX PARTE CHARLES STEWART WALKER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. 636861-A AND 636861-B IN THE 174TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined. NEWELL, J., concurred.

## O R D E R

Applicant was convicted of aggravated sexual assault and sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his conviction. *Walker v State*, No. 01-93-00163-CR (Tex. App. - Houston [1ˢᵗ Dist.] November 18, 1993) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court . *See* TEX. CODE CRIM. PROC. art. 11.07.

These essentially identical applications were file-stamped in Harris County on July 24, 2008 (in the case of the -03 application) and April 8, 2010 (in the case of the -04 application). Orders designating issues were signed by the trial judge on August 14, 2008, and April 26, 2010,

respectively. These applications were not received by this Court until September 9, 2022. There is no indication in the record of any action by the trial court after the orders designating issues were signed. Nor is there any indication as to why these applications were pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends, among other things, that trial counsel was ineffective because he failed to investigate, failed to seek DNA, fingerprint, or other testing of evidence, failed to communicate with Applicant or his family members prior to trial, and failed to interview or call witness Tamu R. Texas, despite having been alerted to her existence by Applicant. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court signed an order designating issues in the -03 case on August 14, 2008, and in the -04 case on April 22, 2010. Both orders required trial counsel to submit an affidavit responding to Applicant's allegations within thirty days. However, there is no indication that trial counsel ever responded by submitting an affidavit as required by the trial court's orders.

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the orders designating issues and the forwarding of the applications to this Court approximately twelve years later. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue these applications, and shall include that response in the supplemental record. If the trial court is unable to obtain a response from Applicant as to whether he wants to pursue the applications, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the applications to this Court.

If Applicant indicates that he does want to pursue these applications, the trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish